# IN THE UNITED STATES DISTRICT COURT
# FOR THE NORTHERN DISTRICT OF IOWA
# CEDAR RAPIDS DIVISION

| | |
|---|---|
| SIMMONS PERRINE MOYER BERGMAN PLC and GORDON F. JOHNSON, <br><br> Plaintiffs, <br><br> vs. <br><br> CHARLES JOSEPH COLEMAN, JR. et al., <br><br> Defendants. | No. 11-CV-131-LRR <br><br> **ORDER** |

_____

## I. INTRODUCTION

This matter is before the court on its own motion to determine whether the court has subject-matter jurisdiction over Count II of the Complaint (docket no. 4).

## II. PROCEDURAL HISTORY

On December 6, 2011, Plaintiffs Simmons Perrine Moyer Bergman PLC ("SPMB") and Gordon F. Johnson (collectively, "Plaintiffs") filed the Complaint. Count I of the Complaint is an interpleader action brought by SPMB to determine the rights of various parties to the net proceeds of a settlement of a personal injury lawsuit. Count I names Charles Joseph Coleman, Jr. ("Joe Coleman"), Sharon A. Coleman ("Sharon Coleman"), the United States of America, the Iowa Department of Revenue and State Farm Mutual Insurance Company ("State Farm") as defendants/adverse claimants. Count II of the Complaint seeks a declaratory judgment regarding Plaintiffs' right to $233,333.33, which Plaintiffs allege they are entitled to as attorneys' fees arising out of the same personal injury action. Count II names Joe Coleman and Sharon Coleman as defendants.

On January 18, 2013, Sharon Coleman, State Farm and the United States filed motions for summary judgment. *See* Sharon Coleman's "Motion for Partial Summary

Judgment" (docket no. 35); State Farm's "Motion for Summary Judgment" (docket no. 36); United States' "Motion for Summary Judgment" (docket no. 37). On March 6, 2013, the undersigned referred the motions for summary judgment to United States Magistrate Judge Jon S. Scoles for a report and recommendation. *See* March 6, 2013 Order (docket no. 54). On March 13, 2013, Judge Scoles held a hearing on the motions for summary judgment. *See* Minute Entry (docket no. 58). At the hearing, the parties clarified that the motions for summary judgment related only to Count I of the Complaint, at which point Judge Scoles indicated that, if the court were to grant summary judgment on Count I, the court may decline to exercise supplemental jurisdiction over Count II of the Complaint. On March 14, 2013, Judge Scoles issued a Report and Recommendation (docket no. 59), which recommended that the court grant summary judgment in favor of State Farm and the United States on Count I of the Complaint. On March 28, 2013, Plaintiffs filed a Response (docket no. 62) to the Report and Recommendation. In the Response, Plaintiffs indicated that they did not object to the Report and Recommendation but wished to "address an issue raised by . . . . Judge Scoles at the hearing." Response at 1. Specifically, Plaintiffs urged the court to exercise supplemental jurisdiction over Count II even if the court were to grant summary judgment on Count I.

On April 15, 2013, the court adopted the Report and Recommendation and granted summary judgment in favor of State Farm and the United States on Count I of the Complaint. April 15, 2013 Order Adopting Report and Recommendation (docket no. 73) at 18-19. In the April 15, 2013 Order Adopting the Report and Recommendation, the court reserved ruling on whether it has subject-matter jurisdiction over Count II. *Id.* at 5.

### III. RELEVANT FACTUAL BACKGROUND

On November 22, 2005, Joe Coleman was in a motor vehicle accident. In October 2006, Joe Coleman and his wife, Sharon Coleman, entered into a written contingency fee agreement (the "Retainer Agreement") with Johnson, in which Johnson agreed to represent the Colemans in a lawsuit arising out of the accident and the Colemans agreed to a 40%

contingency fee. SPMB joined in the representation of the Colemans under the Retainer Agreement. Thereafter, Plaintiffs, on behalf of the Colemans, filed a lawsuit against various tortfeasors in the Iowa District Court for Polk County. The Colemans ultimately settled with the tortfeasors for $1,900,000.00. As part of the settlement negotiations, Plaintiffs and the Colemans

> entered into two modifications to the Retainer Agreement: (1) the forty percent (40%) contingency fee was reduced to a thirty-three and one-third percent (33.33%) contingency fee and (2) up to $233,333.33 of the earned contingency fee could in the future be reduced to the extent needed as part of an offer to compromise to obtain a complete waiver of all applicable Internal Revenue Service liens.

Complaint at 6. Pursuant to this modification, $633,333.33 of the $1,900,000.00 settlement proceeds was designed as attorneys' fees and $400,000 was paid to Plaintiffs. The remaining $233,333.33, which is the subject of Count II, remains in SPMB's trust account.

### IV. ANALYSIS

As noted above, in its April 15, 2013 Order Adopting the Report and Recommendation, the court reserved ruling on whether it has subject-matter jurisdiction over Count II. The court now turns to consider this issue.

### A. Applicable Law

"Federal courts are courts of limited jurisdiction," and the threshold requirement in every federal case is jurisdiction. *Godfrey v. Pulitzer Publ'g Co.*, 161 F.3d 1137, 1141 (8th Cir. 1998) (citing *Steel Co. v. Citizens for a Better Env't*, 523 U.S. 83, 94 (1998)). "[T]he court may, at any time, raise the issue of subject matter jurisdiction." *GMAC Commercial Credit LLC v. Dillard Dep't Stores, Inc.*, 357 F.3d 827, 828 (8th Cir. 2004) (citations omitted). "'Without jurisdiction[, a] court cannot proceed at all in any cause. Jurisdiction is power to declare the law, and when it ceases to exist, the only function

3

Case 1:11-cv-00131-LRR   Document 74   Filed 04/15/13   Page 3 of 7

remaining to the court is that of announcing the fact and dismissing the cause.'" *Steel Co.*, 523 U.S. at 94 (quoting *Ex parte McCardle*, 74 U.S. 506, 514 (1868)).

Original jurisdiction must be based on a statute. *Exxon Mobil Corp. v. Allapattah Servs., Inc.*, 545 U.S. 546, 552 (2005) ("[T]he district courts may not exercise jurisdiction absent a statutory basis . . . ."). If a court has original jurisdiction over at least one claim in the complaint, the court may then, under certain circumstances, exercise supplemental jurisdiction over additional claims for which it does not have original jurisdiction if the claims "are so related to claims in the action within such original jurisdiction that they form part of the same case or controversy under Article III." 28 U.S.C. § 1367(a). Thus, before determining whether the court may exercise supplemental jurisdiction, the court must first determine whether it has original jurisdiction over at least one claim. *Myers v. Richland Cnty.*, 429 F.3d 740, 748 (8th Cir. 2005). If it does, the court must then consider whether the exercise of supplemental jurisdiction is appropriate.

Supplemental jurisdiction over state-law claims is appropriate "whenever the federal-law claims and state-law claims in the case derive from a common nucleus of operative fact and are such that [a plaintiff] would ordinarily be expected to try them all in one judicial proceeding." *Kan. Pub. Emps. Ret. Sys. v. Reimer & Koger Assocs., Inc.*, 77 F.3d 1063, 1067 (8th Cir. 1996) (alteration in original) (quoting *Carnegie-Mellon Univ. v. Cohill*, 484 U.S. 343, 349 (1988)) (internal quotation marks omitted). Claims arise from a common nucleus of operative fact when they are "factually interdependent." *Myers*, 429 F.3d at 746 (quoting *Kokkonen v. Guardian Life Ins. Co. of Am.*, 511 U.S. 375, 379-80 (1994)).

Even if a court has supplemental jurisdiction over a state-law claim, the court may decline to exercise supplemental jurisdiction under one of the enumerated circumstances in 28 U.S.C. § 1367(c). For example, 28 U.S.C. § 1367(c) provides that "[t]he district court[] may decline to exercise supplemental jurisdiction over a claim under subsection (a) if . . . the district court has dismissed all claims over which it has original jurisdiction." 28 U.S.C. § 1367(c); *see also Carlsbad Tech., Inc. v. HIF Bio, Inc.*, 556 U.S. 635, 639

4

(2009) ("A district court's decision whether to exercise [supplemental] jurisdiction after dismissing every claim over which it had original jurisdiction is purely discretionary."). "[W]hen deciding whether to exercise supplemental jurisdiction, 'a federal court should consider and weigh in each case, and at every stage of the litigation, the values of judicial economy, convenience, fairness, and comity.'" *City of Chicago v. Int'l Coll. of Surgeons*, 522 U.S. 156, 173 (1997) (quoting *Carnegie-Mellon Univ.*, 484 U.S. at 350). The Eighth Circuit Court of Appeals has stated that, "'[w]here . . . resolution of the remaining claims depends solely on a determination of state law, the [c]ourt should decline to exercise jurisdiction.'" *Glorvigen v. Cirrus Design Corp.*, 581 F.3d 737, 749 (8th Cir. 2009) (first alteration in original) (quoting *Farris v. Exotic Rubber & Plastics of Minn., Inc.*, 165 F. Supp. 2d 916, 919 (D. Minn. 2001)).

### *B. Application*

In this case, the court does not have original jurisdiction over Count II. Count II does not arise under federal law, *see* 28 U.S.C. § 1331 (federal-question jurisdiction); there is no diversity of citizenship, *see* 28 U.S.C. § 1332 (diversity jurisdiction); and Plaintiffs do not identify any other statutory basis for original jurisdiction. Accordingly, the court has jurisdiction over Count II only if the requirements of 28 U.S.C. § 1367(a) are satisfied—that is, if the court has original jurisdiction over at least one claim in the Complaint and Count II is so related to the claim over which the court has original jurisdiction that it forms part of the same case or controversy.

First, the court finds that it has original jurisdiction over at least one claim in the Complaint; specifically, the court has original jurisdiction over Count I pursuant to 28 U.S.C. § 1335(a), which provides that a district court has original jurisdiction of any civil action of interpleader where: (1) the money or property at issue is valued at $500 or more; (2) two or more of the adverse claimants are of diverse citizenship; and (3) the plaintiff deposits the money or property into the registry of the court. 28 U.S.C. § 1335(a); *see also State Farm Fire & Cas. Co. v. Tashire*, 386 U.S. 523, 530 (1967) (discussing the minimal

5

diversity requirement under 28 U.S.C. § 1335(a)). Because these requirements are satisfied as to Count I, the court has original jurisdiction over Count I.

Second, the court must determine whether Count II is so related to the interpleader action alleged in Count I that it forms "part of the same case or controversy under Article III." 28 U.S.C. § 1367(a). Plaintiffs urge the court to find that it has subject-matter jurisdiction over Count II because, if the court were to "declare the Colemans have a claim to the $233,333 held in trust, the United States . . . has a lien on the $233,333 to the extent the Colemans have any valid claim to it." Plaintiffs' Response to Report and Recommendation at 2. In that case, the court "may need to resolve the competing claims of the Colemans[] and the Colemans' creditors to the $233,333. Because both the Colemans and the Colemans' creditors are parties to the instant proceedings, judicial efficiency suggests all claims to the disputed settlement proceeds be resolved in these proceedings." *Id.* Plaintiffs' argument, however, fails to address how Count I and Count II are so related that they form part of the same case or controversy. While the funds at issue in each count may be the proceeds of the Colemans' settlement of claims arising out of the November 22, 2005 motor vehicle accident, they are not "factually interdependent." *Myers*, 429 F.3d at 746 (quoting *Kokkonen*, 511 U.S. at 379-80). Count II requires the court to interpret the Retainer Agreement and subsequent modifications and does not implicate any of the considerations relevant to Count I. The possibility that the Colemans could prevail and the Colemans' creditors, including the United States, might then have an interest in the funds is not a proper basis for supplemental jurisdiction. Accordingly, the court finds that the requirements of 28 U.S.C. § 1367(a) are not satisfied and, thus, the court lacks subject-matter jurisdiction over Count II.

The court notes that, even if it were to find that it had supplemental jurisdiction over Count II, the court would decline to exercise supplemental jurisdiction under the circumstances of this case. *See* 28 U.S.C. § 1367(c). In its April 15, 2013 Order Adopting the Report and Recommendation, the court granted summary judgment on Count I—the

6

claim over which the court has original jurisdiction. After "consider[ing] and weigh[ing] . . . the values of judicial economy, convenience, fairness, and comity," *City of Chicago*, 522 U.S. at 173 (quoting *Carnegie-Mellon Univ.*, 484 U.S. at 350), the court finds that, even if supplemental jurisdiction existed, it would be appropriate to decline to exercise supplemental jurisdiction in light of the fact that the court granted summary judgment on Count I. *See, e.g.*, *Glorvigen*, 518 F.3d at 749.

### V. CONCLUSION

Based on the foregoing, the Clerk of Court is **DIRECTED** to **DISMISS WITHOUT PREJUDICE** Count II of the Complaint (docket no. 4), terminate all pending motions as moot and to **CLOSE THIS CASE**.

**IT IS SO ORDERED.**

**DATED** this 15th day of April, 2013.

_____
LINDA R. READE
CHIEF JUDGE, U.S. DISTRICT COURT
NORTHERN DISTRICT OF IOWA